IN THE UNITED STATES DISTR ICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

MARLON TURNER,                      :
    Plaintiff,                      :
                                    :
    v.                              :      **CIVL ACTION NO. 25-CV-6930**
                                    :
PHILADELPHIA COUNTY                 :
DOMESTIC RELATIONS, *et al.*,       :
    Defendants.                     :

**MEMORANDUM**

**SURRICK, J.**                                          **MARCH 9, 2026**

Plaintiff Marlon Turner, a self-represented litigant, filed this civil rights action against

"Philadelphia County Domestic Relations" and "Cambria County Domestic Relations," raising

claims related to child support proceedings involving Turner.  He also seeks leave to proceed *in*

*forma pauperis*.  For the following reasons, the Court will grant the motion to proceed *in forma*

*pauperis* and dismiss Turner's Complaint.

I.   FACTUAL ALLEGATIONS[1]

Turner alleges that he is subject to a child support order imposed by the Philadelphia

Court of Common Pleas Family Division, referred to by Turner as the "Domestic Relations

Court."  (ECF No. 1 at 1.)  On June 23, 2025, Turner requested a hearing in that court to modify

and appeal the support order.  (*Id*. at 1, 3; ECF No. 1-1 at 6.)[2]  A court hearing was scheduled for

---

[1] The facts set forth in this Memorandum are taken from Turner's Complaint, which consists of a
cover letter, two-page complaint, and attachments. (ECF Nos. 1, 1-1.)  The Court will consider the entire
submission to constitute the Complaint, and adopts the pagination supplied by the CM/ECF docketing
system.

[2] Because Turner submitted documents that contain sensitive personal information, the Clerk of
Court will be directed to restrict access to ECF Nos. 1 and 1-1.  Turner is reminded that "names of minor
children must be modified or partially redacted" when submitting filings to the Court. E.D. Pa. Local Civ.
R. 5.1.3; see also Fed. R. Civ. P. 5.2(a).

July 22, 2025.  (ECF No. 1 at 3.)  Turner asserts that "[d]espite [the] pending hearing, Defendants initiated wage garnishment [on] June 27, 2025 without notice or lawful authority." (*Id*.)  He claims that the premature garnishment caused him to lose his job at FedEx and his home, and that he suffered homelessness and "financial/emotional damage."  (*Id*. at 1, 4.)  In the cover letter to his Complaint, Turner states that he previously was not properly served at his correct residence in 2020 and lost an opportunity to be heard at that time.  (*Id.* at 1.)

In December 2025, Turner filed this civil action alleging a claim for the violation of his due process rights pursuant to 42 U.S.C. § 1983.  (*Id.* at 4.)  He seeks declaration that his rights have been violated, to have child support enforcement actions halted, and to recover monetary damages.  (*Id.* at 2, 4.)

## II.    STANDARD OF REVIEW

Since it appears that Turner is unable to pay the filing fees to commence this action, we will grant leave to proceed *in forma pauperis*.  Under 28 U.S.C. § 1915(e)(2)(B), the court must screen the Complaint and dismiss it if it is frivolous, fails to state a claim for relief, or seeks damages from an immune defendant.  *Id.* § 1915(e)(2)(B)(i)-(iii).  Whether a complaint fails to state a claim under § 1915(e)(2)(B)(ii) is governed by the same standard applicable to motions to dismiss under Federal Rule of Civil Procedure 12(b)(6).  *See Harris v. Wetzel*, 822 F. App'x 128, 130 (3d Cir. 2020) (*per curiam*); *see also Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999).  A complaint states a claim if it contains "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quotations omitted).  At this early stage of the litigation, we will accept the facts alleged in the *pro se* Complaint as true, draw all reasonable inferences in Turner's favor, and ask only whether the Complaint contains facts sufficient to state a plausible claim.  *See Shorter v. United States*,

12 F.4th 366, 374 (3d Cir. 2021), *abrogation on other grounds recognized by Fisher v. Hollingsworth*, 115 F.4th 197 (3d Cir. 2024).  Conclusory allegations do not suffice.  *Iqbal*, 556 U.S. at 678.  Turner is proceeding *pro se*; therefore, the Court will construe his allegations liberally.  *Vogt v. Wetzel*, 8 F. 4th 182, 185 (3d Cir. 2021).

## III.    DISCUSSION

Turner brings his due process claim pursuant to 42 U.S.C. § 1983.  "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law."  *West v. Atkins*, 487 U.S. 42, 48 (1988).  Turner's claim against the "Philadelphia County Domestic Relations" and "Cambria County Domestic Relations" cannot proceed because these divisions of the Pennsylvania courts are arms of the Commonwealth[3] that share in the Commonwealth's Eleventh Amendment immunity, and, as such, are not considered "persons" subject to liability under § 1983.  *See Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989) (holding that "neither a State nor its officials acting in their official capacities are 'persons' under § 1983."); *Karns v. Shanahan*, 879 F.3d 504, 519 (3d Cir. 2018) (explaining that states or their governmental entities protected by Eleventh Amendment immunity do not qualify as "persons" under § 1983); *Benn v. First Judicial Dist. of Pa.*, 426 F.3d 233, 241 (3d Cir. 2005) (state courts in Pennsylvania share in the Commonwealth's Eleventh Amendment immunity); *see also Parker v. Lehigh Cnty. Domestic Relation Ct.*, 621 F. App'x 125, 128 (3d Cir. 2015) (*per curiam*) ("As [Eleventh Amendment] immunity extends to the component districts of Pennsylvania's unified judicial system, it shields the Family Court from . .

---

[3] *See Scheib v. Pennsylvania*, 612 F. App'x 56, 59 (3d Cir. 2015) (*per curiam*) (noting that a Pennsylvania county court of common pleas is a Commonwealth entity).

. suit."); *Cruz v. Phila Fam. Ct.,* No. 25-6270, 2025 WL 3290065, at *1 (E.D. Pa. Nov. 25, 2025) ("[T]he Family Court, as part of Pennsylvania's Unified Judicial System, is an arm of the Commonwealth of Pennsylvania that may not be sued under § 1983 because it is not considered a 'person' for purposes of that provision, and because it shares in the Commonwealth's Eleventh Amendment immunity."). Therefore, Turner has failed to state a claim against plausible defendants, and the action will be dismissed.[4]

## IV.    CONCLUSION

For the foregoing reasons, the Court will grant the motion for *in forma pauperis* status and dismiss the Complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) and (iii). Turner will not be granted leave to amend because amendment would be futile. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108 (3d Cir. 2002). An appropriate dismissal Order shall be docketed separately. *See* Fed. R. Civ. P. 58(a).

BY THE COURT:

/s/ R. Barclay Surrick
**R. BARCLAY SURRICK, J.**

---

[4] In addition, Turner's request for declaratory relief is improper because he asks Court to adjudicate past conduct. *See Corliss v. O'Brien*, 200 F. App'x 80, 84 (3d Cir. 2006) (*per curiam*) ("Declaratory judgment is inappropriate solely to adjudicate past conduct" and is also not " meant simply to proclaim that one party is liable to another."); *see also Andela v. Admin. Office of U.S. Courts*, 569 F. App'x 80, 83 (3d Cir. 2014) (*per curiam*) ("Declaratory judgments are meant to define the legal rights and obligations of the parties in the anticipation of some future conduct."). A declaratory judgment is also not "meant simply to proclaim that one party is liable to another." *Corliss*, 200 F. App'x at 84 (*per curiam*); *see also Taggart v. Saltz*, No. 20-3574, 2021 WL 1191628, at *2 (3d Cir. Mar. 30, 2021) (*per curiam*) ("A declaratory judgment is available to define the legal rights of the parties, not to adjudicate past conduct where there is no threat of continuing harm."). Turner's request for declaratory judgment is therefore dismissed.